1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTOLIN ANDREWS,

11            Plaintiff,                    No. CIV S-04-1107 DFL GGH P

12        vs.

13   THERESA GUZMAN, et al.,

14            Defendants.              ORDER

15   _____/

16            Plaintiff is proceeding pro se with a civil rights action pursuant to 42 U.S.C. §

17   1983.  Pending before the court is plaintiff's amended complaint filed January 30, 2006.  Named

18   as defendants are California State Prison-Solano (CSP-Solano) Correctional Officers Tapia and

19   Smith and Fed Ex, Inc.

20            Plaintiff alleges that on August 18, 2005, he was released from the custody of the

21   California Department of Corrections to the United States Bureau of Immigration and Customs

22   Enforcement (BICE).  At that time plaintiff was transferred from CSP-Solano to BICE custody in

23   Washington state.

24   /////

25   /////

26   /////

1

1    At the time of his transfer, plaintiff had five boxes of legal and personal property.

2  Defendants Tapia and Smith decided that plaintiff's property would not physically accompany

3  plaintiff during the transfer.  Instead, defendants told plaintiff that he would have to pay to ship

4  his property.  After plaintiff paid $150 to have the property shipped, defendant Tapia had the

5  property shipped on November 16, 2005.  The property, through a misunderstanding, was

6  shipped back to defendant Tapia.

7    Officials at the Northwest Detention Center, where plaintiff was now housed,

8  arranged to have plaintiff's property shipped using Fed Ex.  At the time plaintiff's property was

9  shipped via Fed Ex, defendants Tapia and Smith estimated that the property was worth $100.

10  Plaintiff alleges that his property, which included a typewriter, stereo, cassette and disc-man, was

11  valued at over $500.

12    When the property arrived at the Northwest Detention Center, the typewriter was

13  "totaled."  Plaintiff then filed a claim with defendant Fed Ex.  Defendant Fed Ex paid the claim

14  by sending plaintiff $100 and crediting the shipping account by $197.64.

15    In addition, when the property arrived plaintiff discovered that two boxes of his

16  legal property was missing.  Included in these boxes were papers related to his criminal appeal

17  and civil rights cases.  Plaintiff claims that without these papers, he was unable to prosecute his

18  civil rights cases because he did not know the case numbers.

19    Plaintiff alleges that defendants Tapia and Smith violated his right of access to the

20  courts by causing the loss of his legal property.  Plaintiff alleges that defendant Tapia deliberately

21  misplaced his legal papers in order to prevent plaintiff from litigating matters against the prison.

22  The court finds that plaintiff has stated a colorable claim for denial of access to the courts against

23  defendants Tapia and Smith.

24    Plaintiff also alleges that defendants Tapia and Smith are liable for the destruction

25  of his typewriter.  The United States Supreme Court has held that "an unauthorized intentional

26  deprivation of property by a state employee does not constitute a violation of the procedural

2

1  requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful

2  postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).

3  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional

4  deprivations constitute actionable violations of the Due Process Clause.  An authorized

5  deprivation is one carried out pursuant to established state procedures, regulations, or statutes.

6  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of

7  Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

8          In the instant case, plaintiff has not alleged any facts which suggest that

9  defendants' conduct regarding the typewriter was authorized.  The California Legislature has

10  provided a remedy for tort claims against public officials in the California Government Code,

11  §§ 900, et seq.  Since plaintiff has not attempted to seek redress in the state system, he cannot sue

12  in federal court on the claim that the state deprived him of property without due process of the

13  law.

14          Plaintiff alleges that he is suing defendant FedEx under the Carmack Amendment.

15  Amended Complaint, ¶ 56.  FedEx is a federally certificated all-cargo air carrier operating under

16  the authority granted it by the Federal Aviation Administration.  Federal Express Corp. v.

17  California Public Utilities Comm'n., 936 F.2d 1075, 1076 (9th Cir. 1991).  The Carmack

18  Amendment is not applicable to air carriers such as FedEx.  Arkwright-Boston Mfg. Mut. Ins.

19  Co. v. Greater Western Airways, Inc., 767 F.2d 425, 427-28 (8th Cir. 1985); Williams v. Fed.

20  Express Corp., No. CV-99-06252, 1999 WL 1276558 * 3 (C.D.Cal. Oct. 6, 1999).  For these

21  reasons, the court finds that plaintiff has failed to state a colorable claim against defendant

22  FedEx.

23          Accordingly, IT IS HEREBY ORDERED that:

24          1.  Plaintiff's claims against defendants Tapia and Smith for destruction of

25  plaintiff's typewriter and the claims against defendant Fed Ex, Inc. are dismissed with leave to

26  file an amended complaint within thirty days from the date of service of this order.  Failure to file

3

1    an amended complaint will result in a recommendation that these defendants be dismissed from

2    this action.

3             2.  Upon filing an amended complaint or expiration of the time allowed therefor,

4    the court will make further orders for service of process upon some or all of the defendants.

5    DATED: 6/23/06

6                                   /s/ Gregory G. Hollows

7                                  GREGORY G. HOLLOWS
                                  UNITED STATES MAGISTRATE JUDGE

8

9    ggh:kj
     an1107.ame

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26