IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTOLIN ANDREWS,

     Plaintiff,                   No. CIV S-04-1107 JAM GGH P

    vs.

THERESA GUZMAN, et al.,

     Defendants.              FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff, a civil detainee, is proceeding pro se in this civil rights action. On March 9, 2009, this court granted defendants' motion requesting that plaintiff be declared a vexatious litigant and ordered him to post security of $9,480 within twenty days. On March 26, 2009, plaintiff filed an opposition to this order. On April 29, 2009, the Honorable John A. Mendez construed plaintiff's opposition as a request for reconsideration, affirmed the March 9, 2009, order and ordered plaintiff to post the security within twenty days. Twenty days passed and plaintiff did not post the security. This action cannot proceed because plaintiff failed to post the security. For that reason, the court recommends that this action be dismissed.

        In the motion requesting that plaintiff be declared a vexatious litigant, defendants also requested that the court order that plaintiff be subject to a pre-filing order. The March 9, 2009, order did not address this request. In these findings and recommendations, the court now

1

1  recommends that plaintiff be subject to a pre-filing order.

2  Although there is a constitutional right of access to the courts, there is no right to
3  prosecute actions that are frivolous or harassing. Phillips v. Carey, 638 F.2d 207, 208 (10th
4  Cir.1981). Accordingly, "there is strong precedent establishing the inherent power of federal
5  courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions
6  under the appropriate circumstances." De Long v. Hennessey, 912 F.2d 1144, 1147 (9th
7  Cir.1990) (citation omitted). However, entry of an injunction preventing a litigant from filing
8  papers without prior court approval "is an extreme remedy, and should be used only in exigent
9  circumstances." Id.

10  The Ninth Circuit has set forth four requirements that must be satisfied in order
11  for a district court to order pre-filing restrictions: (1) the litigant must be given notice and an
12  opportunity to oppose the order; (2) the record must be adequately developed to show that the
13  plaintiff is abusing the judicial system; (3) the court must make substantive findings as to the
14  frivolous or harassing nature of the litigant's actions; and (4) the order must be narrowly tailored
15  to fit the specific vice encountered. Id. at 1147-48.

16  In the instant case, these findings and recommendation serve as notice to plaintiff
17  of the court's intention to issue the pre-filing order. Plaintiff may oppose this recommendation in
18  objections to the findings and recommendations.

19  Plaintiff has abused the judicial system. Court records indicate that in 1997,
20  plaintiff filed four actions in this district: Andrews v. Olsen, CIV F-97-5532 OWW HGB P
21  (summary judgment granted for defendants in civil rights action), Andrews v. Rodriguez, CIV F-
22  97-5839 REC HGB P (dismissed for plaintiff's failure to file an amended complaint in civil
23  rights action), Andrews v. CA Dept. of Corrections, CIV F-97-6139 OWW HGB P (dismissed
24  for plaintiff's failure to exhaust administrative remedies in civil rights action), and Andrews v.
25  CDC, CIV S-97-2418 DFL DAD P (dismissed for plaintiff's failure to file an amended complaint
26  in civil rights action).

1    In 2001, plaintiff filed six actions in this district: <u>Andrews v. Cortez</u>, CIV F-01-5783 REC DLB P (civil rights action dismissed for failure to state a colorable claim), <u>Andrews v. Pliler</u>, CIV F-01-5784 AWI LJO P (civil rights action voluntarily dismissed by plaintiff), <u>Andrews v. Briggs</u>, CIV S-01-883 FCD PAN P (summary judgment granted for defendants in civil rights action), <u>Andrews v. Hafey</u>, CIV S-01-1621 GEB GGH P(motion to dismiss for failure to state a claim by defendants granted in civil rights action), <u>Andrews v. Hafey</u>, CIV S-01-2018 FCD JFM P (civil rights action dismissed as barred pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), <u>Andrews v. King</u>, 01-2316 GEB GGH P (civil rights action voluntarily dismissed).

In 2002, plaintiff filed seven actions in this district: <u>Andrews v. McCarger</u>, CIV S-02-553 DFL PAN P (summary judgment granted for defendants in civil rights action), <u>Andrews v. McIntyre</u>, CIV S-02-1295 WBS JFM P (civil rights action voluntarily dismissed), <u>Andrews v. McIntyre</u>, CIV S-02-1331 FCD GGH P (summary judgment granted for defendants in civil rights action), <u>Andrews v. Carey</u>, CIV S-02-1815 FCD PAN P (summary judgment granted for defendants in civil rights action), <u>Andrews v. Carey</u>, CIV S-02-2395 FCD DAD P (civil rights action dismissed for failing to state a colorable claim for relief), <u>Andrews v. Carey</u>, CIV S-02-2414 LKK JFM P (habeas corpus petition dismissed for plaintiff's failure to exhaust state court remedies), <u>Andrews v. Valdez</u>, 02-2422 EJG GGH P (civil rights action dismissed pursuant to 28 U.S.C. § 1915(g)).

In 2004, plaintiff filed four civil rights actions in this court: <u>Andrews v.Solano State Prison</u>, CIV S-04-578 MCE GGH P (dismissed pursuant to 28 U.S.C. § 1915(g)), <u>Andrews v. Kelce</u>, CIV S-04-1107 JAM GGH P (the instant action), <u>Andrews v. McIntyre</u>, CIV S-04-2125 FCD GGH P (dismissed for failure to state a claim upon which relief may be granted), <u>Andrews v. McIntyre</u>, CIV S-04-2145 FCD DAD P (dismissed pursuant to 28 U.S.C. § 1915(g)).

The record above demonstrates that a large amount of court resources has been spent on plaintiff's actions, in which none he has prevailed. Several of these actions were dismissed as legally frivolous at the outset. Plaintiff's litigation practices in this court have been

abusive in that he has filed numerous civil rights actions that have been dismissed as unmeritorious.

In the March 9, 2009, order finding plaintiff to be a vexatious litigant, this court observed that the Western District of Washington recently declared plaintiff to be a vexatious litigant. See Marks v. U.S., No. C07-5679 FDB, 2008 WL 803150 (W.D. Wash. 2008). The Western District cited 24 cases filed by plaintiff demonstrating his improper filings and abusive litigation practices. 2008 WL 803150 at *7-*19. The Western District also noted that the Ninth Circuit Court of Appeals has entered a pre-filing order regarding plaintiff. Id. * 7.

Plaintiff has not filed actions in this court for the past several years because during that time, he has been awaiting deportation in Tacoma, Washington. However, the court is concerned that plaintiff may at some point be returned to California and resume his abusive litigating practices. Based on this concern, the court finds that a pre-filing order is warranted.

Turning to the terms of the pre-filing order, the court recommends that plaintiff be required to file a declaration with any action he files certifying that the action is meritorious and show cause why the Judge who reviews the proposed action should not require him to post bond. In addition, the court recommends that any action filed by plaintiff be opened as a miscellaneous case to be considered by the judge in accordance with DeLong v. Hennessey, 912 F.2d 1144, 1149 (9th Cir. 1990) and Franklin v. Murphy, 745 F.2d 1221, 1232 (9th Cir. 1984).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed for plaintiff's failure to post security;

2. Plaintiff not be permitted to file any further pro se actions in this court unless the pleadings initiating the action are accompanied by a declaration under penalty of perjury that explains why plaintiff believes he has meritorious claims. The declaration shall include a list of all previous actions plaintiff has filed in this or any court, identifying named defendants and all claims made in the previous actions. Plaintiff shall certify that the defendants named in the proposed action has never been sued by plaintiff, or alternatively, that any claims against

4

previously sued defendants are not related to previous action[s].  Should judges or governmental officials be named as defendants, plaintiff shall demonstrate why such defendants are not immune form suit.  Finally, plaintiff shall show cause why the Judge who reviews the proposed action should not require him to post a bond;

       3.  The Clerk not file or lodge any action filed pro se by plaintiff unless it is accompanied by the required declaration; any such incomplete filings shall be returned to plaintiff without further action of the court;

       4.  If plaintiff files a pro se action accompanied by the required declaration, the Clerk open the matter as a miscellaneous case to be considered by any judge of the Eastern District in accordance with <u>DeLong v. Hennessey</u>, 912 F.2d 1144, 1149 (9th Cir. 1990) and <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1232 (9th Cir. 1984).  The judge will issue necessary orders after making a determination whether the case should be filed under the appropriate standards and pertinent law.

       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:   June 16, 2009

       /s/ Gregory G. Hollows
       _____
       UNITED STATES MAGISTRATE JUDGE

an1107.57